NOT DESIGNATED FOR PUBLICATION

No. 119,382

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARYL C. BAGBY JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed March 29, 2019. Affirmed.

*Meryl Carver-Allmond*, of Capital Appellate Defender Office, for appellant.

*Adam Sokoloff*, assistant district attorney, *Mark A. Dupree Sr*., district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MALONE and POWELL, JJ.


PER CURIAM: Daryl C. Bagby Jr. appeals his convictions for murder in the second degree and criminal possession of a firearm by a convicted felon. On appeal, he contends that the district court should have simultaneously instructed the jury on the lesser included offenses to murder in the first degree. Specifically, he argues that the sequential presentation of lesser included offense instructions prevented the jury from considering mitigating evidence. Based on the Kansas Supreme Court's decision in *State v. Sims*, 308 Kan. 1488, 431 P.3d 288 (2018), we find Bagby's arguments to be unpersuasive. Thus, we affirm.

1

Although Daryl Bagby Jr. was charged with murder in the first degree, a jury convicted him of the lesser included offense of murder in the second degree and criminal possession of a firearm by a convicted felon. The district court sentenced Bagby to 246 months for the second-degree murder conviction and of 9 months for the firearm conviction. The sentences are to run consecutively, for a total of 255 months.

In light of the issue presented, it is unnecessary to discuss the underlying facts in detail. To summarize, Bagby was found guilty of killing Stevie Sykes, after the two argued for 10 to 20 minutes in a driveway. According to witnesses, Bagby started shooting at Sykes as he attempted to run away. Sykes tripped over the curb and Bagby shot him several times in the back. While Sykes was lying injured on the ground, Bagby walked up to him and "hit[] him two times in the head." Witnesses also testified that Bagby shot Sykes again while he lay on the ground. After the shooting, Bagby left the scene.

At trial, several witnesses identified Bagby as the shooter. When he was interviewed by police, Bagby provided an alibi—claiming that he and his girlfriend were looking for apartments at the time of the shooting and that he later went to a 7-Eleven store. However, Bagby was unable to identify a specific apartment he visited and the police were unable to locate him on the 7-Eleven store's video surveillance system.

During the jury instruction conference, the district court inquired about lesser included offense instructions. The district court ultimately determined that it would give a first-degree murder instruction, a second-degree murder instruction, a voluntary manslaughter instruction, and an instruction on lesser included offenses. Defense counsel raised no objections to any of these instructions. After the jury convicted him of the lesser

included offense of second-degree murder—as well as criminal possession of a firearm by a convicted felon—Bagby appealed.

## ANALYSIS

The sole issue presented on appeal is whether the district court erred in failing to instruct the jury to simultaneously consider the lesser included offenses of second-degree murder and voluntary manslaughter. He argues that "[b]ecause there was evidence to support both charges, the structure of the instructions prevented jurors from considering mitigating evidence[.]" In doing so, Bagby relies on *State v. Graham*, 275 Kan. 831, 836-37, 69 P.3d 563 (2003), *overruled by Sims*, 308 Kan. 1488.

Because Bagby did not object to the district court's sequential order of instructions, we apply a clear error standard of review. As such, we are only to reverse the district court if an error occurred and the court is firmly convinced that the jury would have reached a different verdict if the instruction error had not occurred. The party claiming a clear error—in this case Bagby—has the burden to demonstrate the necessary prejudice. *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018).

We find Bagby's reliance on *Graham* to be misplaced. In *Sims*, 308 Kan. at 1503, the Kansas Supreme Court expressly found the "simultaneous consideration rule is a judicial innovation that has proved confusing and unworkable." Thus, our Supreme Court overruled *Graham* and held that "a district court is not required to instruct a jury to consider a lesser included homicide offense simultaneously with any greater homicide offense." 308 Kan. at 1503. Although Bagby argues that *Sims* "includes language that muddies the water of how juries should and do consider lesser included homicide offenses," we find our Supreme Court's holding to be clear and we find that it is appropriate to apply its holding in this case.

3

We, therefore, find no instructional error and affirm Bagby's convictions.

Affirmed.